UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD KREINER

     Plaintiff,                              Case No.: 20-_____

-v-                                     Hon.

_____

MICHAEL THOMAS, STEVEN CHENET,
and JASON BLEDSOE,
in their individual capacities,

     Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Richard Kreiner, by his attorneys, Giroux Amburn P.C., for his Complaint against the above-named Defendants, states as follows:

## JURISDICTION AND VENUE

1.    This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution against Defendants, Michael Thomas, Steven Chenet and Jason Bledsoe, in their individual capacities.

2.    This court has jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28

U.S.C. §§ 1331 and 1343.

3.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b). The unlawful actions alleged in this Complaint took place within the Township  of Attica,  in Lapeer County, which is located within the Southern Division of the Eastern District of Michigan.

4.     The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

## PARTIES

5.     The Plaintiff, Richard Kreiner, is, and at all times relevant to this action was, a resident of the Township of Attica, County of Lapeer, State of Michigan.

6.     Upon information and belief, Defendant, Michael Thomas, is a citizen of the State of Michigan and was, at all times relevant to this action, employed as a law enforcement officer by the Michigan Department of State Police.

7.     Upon information and belief, Defendant, Steven Chenet, is a citizen of the State of Michigan and was, at all times relevant to this action, employed as a law enforcement officer by the Michigan Department of State Police.

8.     Upon information and belief, Defendant, Jason Bledsoe, is a citizen of the State of Michigan and was, at all times relevant to this action, employed as a law enforcement officer by the Michigan Department of State Police.

9.     On May 8, 2018, at the time of the events alleged in this Complaint, Defendants, Michael Thomas, Steven Chenet and Jason Bledsoe, were at all times acting in their individual capacities within the course and scope of their employment as Michigan State Police Troopers and under color of law.

## FACTUAL ALLEGATIONS

10.    On or about May 8, 2018, Plaintiff, Richard Kreiner, was taking a shower inside of his personal residence when he heard a commotion outside of his home.

11.    Plaintiff observed lights flashing outside of his bathroom window.

12.    Plaintiff opened the bathroom window to investigate.

13.    Someone outside announced that they were with the Michigan State Police and ordered all of the occupants to vacate the residence.

14.    Plaintiff complied with the command and exited the home.

15. Plaintiff was ordered by an unknown officer to walk towards the SWAT truck.

16. As Plaintiff complied with the command and walked towards the truck, he was forcibly grabbed by Defendant Thomas, who then punched Plaintiff's face and jaw with a closed fist several times.

17. Defendants repeatedly punched Plaintiff all over his body as he stood near the SWAT truck.

18. Then, without warning, Defendant Thomas deployed his taser into Plaintiff's left bicep.

19. Defendants Thomas and Chenet threw Plaintiff onto the ground.

20. As Plaintiff laid on the ground, submissive and not resisting, Defendant Thomas repeatedly punched Plaintiff's face and head with a closed fist and Defendant Bledsoe repeatedly kicked Plaintiff's legs.

21. Defendants cuffed Plaintiff's wrist behind his back with zip ties.

22. As Plaintiff laid submissively on the ground with his wrists cuffed behind his back, Defendant Thomas deployed his taser into Plaintiff's back and stood on the prongs while delivering a long, continuous cycle of voltage.

23. Prior to deploying his Taser, Defendant Thomas did not give a

warning to Plaintiff that he would deploy his Taser.

24.     Defendant Thomas delivered a long, continuous cycle of voltage without giving Plaintiff any verbal warning or an opportunity to recover from the extreme pain that he experienced, an opportunity to gather himself, or an opportunity to comply with verbal commands

25.     Defendant Thomas then applied the taser in drive-stun mode behind Plaintiff's right knee, as Plaintiff laid submissively on the ground with his wrists cuffed behind his back.

26.     Defendants took Plaintiff into custody for resisting and obstructing and transported him to the Lapeer County Jail for booking.

27.     At the time of the incident, Plaintiff was fifty-four (54) years old, 5'9" and 210 pounds.

28.     At the time of the incident, there were at least fifteen (15) law enforcement officers present at the scene.

29.     Defendants did not observe Plaintiff commit any violent felony or crime at any time prior to or during the confrontation or brutal, unjustified physical attack on the Plaintiff.

30.     Plaintiff did not have a weapon or displayed any object that appeared to be a weapon at any time prior to or during the confrontation or

brutal, unjustified physical attack on the Plaintiff.

31.   Plaintiff did not threaten, in any way, any of the Defendants at any time prior to or during the confrontation or brutal, unjustified physical attack on the Plaintiff.

32.   Plaintiff did not pose an immediate threat of harm to any of the Defendants or any other person in the immediate vicinity at any time prior to or during the confrontation or brutal, unjustified physical attack on the Plaintiff.

33.   Plaintiff did not pose any realistic likelihood of risk of flight at any time prior to or during the confrontation or brutal, unjustified physical attack on the Plaintiff.

34.   Defendants did not have a justifiable reason to use the force that they deployed at any time prior to or during the confrontation or brutal physical attack on the Plaintiff.

35.   Following Plaintiff's arrest, the Lapeer County Prosecutor's Office refused to issue charges against Plaintiff and expressed concerns regarding the level of force used by Defendants.

36.   As a direct and proximate result of the wrongful acts and omissions of Defendants, Plaintiff sustained severe and permanent injuries,

including but not limited to injuries to his face, head, jaw, teeth, chest, shoulders, arms, hands, knees, and back.

## COUNT I - 42 U.S.C. 1983 - VIOLATION OF THE FOURTH AMENDMENT

37. Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

38. At all times relevant, Plaintiff had a clearly established right to be free from unlawful search, unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

39. At all times relevant, as Michigan State Troopers acting under color of law, Defendants were required to obey the laws of the United States, including those laws identified under the Fourth Amendment to the United States Constitution.

40. In violation of Plaintiff's clearly established constitutionally-protected rights under the Fourth Amendment to the United States Constitution, Defendants subjected Plaintiff to an unreasonable search and seizure and employed unnecessary, unreasonable, and

excessive force against Plaintiff, thereby inflicting horrendous personal injuries upon Plaintiff.

41. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

42. The conduct of Defendants was, and remains, extreme and outrageous, subjecting Defendants to punitive damages.

43. As a direct and proximate result of Defendants' violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Severe emotional distress;

    d. Fright and shock;

    e. Denial of social pleasures and enjoyment;

f. Humiliation or mortification;

g. Reasonable medical bills and expenses for the past, present and future;

h. Punitive damages;

i. Exemplary damages; and

j. All other damages properly recoverable under law.

WHEREFORE, Plaintiff, Richard Kreiner, respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

Respectfully submitted,

/s/*Christian P. Collis*
CHRISTIAN C. COLLIS (P-54790)
ROBERT M. GIROUX (P-47966)
Attorneys for Plaintiff
28588 Northwestern Hwy, Ste 100
Southfield, MI 48034
(248) 531-8665

Dated: May 19, 2020          c.collis@girouxamburn.com
r.giroux@girouxamburn.com

9

## JURY DEMAND

Plaintiffs, Richard Kreiner, through his attorneys, Giroux Amburn P.C., hereby demands Trial by Jury in this matter.

Respectfully submitted,

/s/*Christian P. Collis*
CHRISTIAN C. COLLIS (P-54790)
ROBERT M. GIROUX (P-47966)
Attorneys for Plaintiff
28588 Northwestern Hwy, Suite 100
Southfield, MI 48034
(248) 531-8665
c.collis@girouxamburn.com
r.giroux@girouxamburn.com

Dated: May 19, 2020

10