UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Richard Kreiner,

                Plaintiff,      Case No. 20-11238

v.                                  Judith E. Levy
                                  United States District Judge

Michael Thomas,
                                  Mag. Judge Anthony P. Patti

                Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION FOR LEAVE TO AMEND CAPTION [46]**

Before the Court is Plaintiff's motion for "leave to amend the caption to reflect the death of Plaintiff Richard Kr[ei]ner by adding Taylor West as the Personal Representative of the Estate of Richard Kr[ei]ner pursuant to [Federal Rule of Civil Procedure] 25 (a)." (ECF No. 46, PageID.747.) As set forth below, the motion is DENIED WITHOUT PREJUDICE.

    **I.    Background**

Plaintiff initiated this civil rights action on May 19, 2020, against Defendants Michael Thomas, Steven Chenet, and Jason Bledsoe. (ECF

No. 1.) Following discovery and motion practice, only Defendant Thomas remains in the case. (*See* ECF No. 35.) On August 1, 2023, Plaintiff's counsel filed a suggestion of death indicating the Plaintiff passed away on May 31, 2023. (ECF No. 38.) Because of ongoing probate proceedings regarding the proper personal representative of Plaintiff's estate, the Court extended the deadline to file a motion for substitution under Rule 25(a) several times. (*See* October 24 2023 Text-Only Order; December 6, 2023 Text-Only Order; January 16, 2024 Text-Only Order.) On February 19, 2024, Plaintiff's counsel filed the present motion for leave to amend the caption.[1] (ECF No. 46.)

## II. Analysis

Under Rule 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1); *see also Jackson v. City of Cleveland*, 925 F.3d 793, 811 (6th Cir. 2019) (stating that "§ 1983 claims are subject to the forum state's survival rules for personal injury actions, regardless of the specific type of injury underlying the § 1983 claim"). "A motion for substitution may be made

---

[1] The Court struck a previous version of the motion because it failed to comply with Eastern District of Michigan Local Rule 7.1(a) and contained certain unredacted personal information in violation of Federal Rule of Civil Procedure 5.2. (ECF No. 45.)

2

by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Additionally, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district." Fed. R. Civ. P. 25(a)(3).

The present motion suffers from several deficiencies. First, as the Court previously noted, a motion under Rule 25(a) is properly styled as a motion for substitution, not a motion to amend the caption. (*See* ECF No. 45, PageID.744 n.1.) Additionally, the motion does not address whether Plaintiff's § 1983 claim survives Plaintiff's death. *See* Fed. R. Civ. P. 25(a)(1); *Jackson*, 925 F.3d at 811. The motion also does not establish how the service requirements of Rule 25(a)(3) have been satisfied. *See* Fed. R. Civ. P. 25(a)(3). Finally, the motion fails to indicate whether West has retained Plaintiff's counsel to pursue any surviving interest Plaintiff's estate retains in this action.

Accordingly, the motion fails to satisfy the requirements for substitution under Rule 25(a).

## III. Conclusion

For the reasons set forth above, Plaintiff's motion (ECF No. 46) is DENIED WITHOUT PREJUDICE.

The Court extends the deadline to file a proper motion for substitution that fully complies with all applicable requirements under Rule 25(a) to **Friday, May 17, 2024**.

IT IS SO ORDERED.

Dated: April 26, 2024  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 26, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager